IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 2:06-cr-280-MEF |
| ) | |
| FAUSTINO ROMAN-MORALES ) | |

<u>**PLEA AGREEMENT**</u>

DEFENSE COUNSEL:                    CHRISTINE A. FREEMAN

ASSISTANT U.S. ATTORNEY:            STEPHEN P. FEAGA, SR.

**COUNTS AND STATUTES CHARGED:**
Count 1            18 U.S.C. § 1028(a)(6), Possession of False Document

Count 2            42 U.S.C. § 408(a)(7)(b)

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**
Count 2            42 U.S.C. § 408(a)(7)(b)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**
Count 2            42 U.S.C. § 408(a)(7)(b):
                   NMT 5Y;
                   NMT $250,000; Both
                   NMT 3Y SUP REL;
                   $100 AF; VWPA.

**ELEMENTS OF THE OFFENSE(S):**
Count 2:
    First:      Defendant, for any purpose, with intent to deceive,

    Second:     Represented a particular Social Security number to be his,

    Third:      Knowing that such representation was false.

*United States v. Harris*, 376 F.3d 1282 (11th Cir. 2004); *United States v. Darrell*, 828 F.2d 644 (10th Cir. 1987).

* * * * * * * * * * * * * * * * * * * * * * * * * *

STEPHEN P. FEAGA, SR., Assistant United States Attorney, and CHRISTINE FREEMAN, attorney for the defendant, pursuant to the provisions of Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon the defendant entering a plea of guilty to Count 1 of the Indictment, the defendant will receive a sentence of time served. The Defendant stipulates that, pursuant to Rule 32(c)(1)(A)(ii), the sentencing court has sufficient information to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, because the facts and circumstances of the defendant's background, education, personal history, and life experience have been adequately explored in previous hearings before the court, and the defendant agrees to proceed with sentencing without a presentence investigation at the earliest possible date. Should the Court and U.S. Probation Office agree to proceed to sentencing on an expedited schedule, the government will not object.

2. Pursuant to Rule 11(c)(1)(A), the government agrees that, upon sentencing, it will dismiss Count 1 of the Indictment.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

    a. To plead guilty to Count 2 of the Information;

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

4. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal or to pursue post-conviction relief, based upon the grounds either of ineffective assistance of counsel or prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

## FACTUAL BASIS

5. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

The defendant admits that on or about October 24, 2006, in Chilton County, within the Middle District of Alabama, the defendant did knowingly and with intent to deceive, falsely represent himself to be Jose Vasques-Martinez and to have a certain Social Security account number assigned to him by the Commissioner of Social Security, when in fact the defendant's true name is Faustino Roman-Morales and such number is not a Social Security account number assigned to him by the Commissioner, in violation of Title 42, United States Code, Section 408(a)(7)(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.  The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100.00 assessment per count is to be paid by the defendant on the date of sentencing.

c.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f.  Defendant further understands and advises the Court that the plea agreement

as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

  g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

  h. The defendant further advises the Court that it is understood that the parties can only enter an agreement which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has a right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

  i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5

7. The defendant understands that the U.S. Probation Office may prepare a pre-sentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

Respectfully submitted on this 27 day of December, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

LVF

Louis V. Franklin, Sr.
Chief, Criminal Division

Stephen P. Feaga, Sr.
Assistant United States Attorney

I have had read to me the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE A. FREEMAN.

*Faustino Roman Morales*
FAUSTINO ROMAN-MORALES
Defendant

12/27/06
Date

*[signature]*
CHRISTINE A. FREEMAN
Attorney for the Defendant

12/27/06
Date